*31
By the Court,

Beardsley, J.
The statute authorizing a tender of the amount due after suit brought, does not affect this question. (2 R. S. 553, § 20 to 23.) There was no tender to the party, but the money was paid into court; and besides, the sum tendered was less than the amount found due, and was not accepted by, the plaintiff.
The consequence's which follow from the pdyment of money into court; in a proper case, are well settled in England. If the amount brought into court is accepted by the plaintiff in satisfaction of his demand, his fcosts are to be paid by the defendant, and the cause will thus be ended. But the plaintiff may insist that the amount paid is less than the actual indebtedness, and proceed in the cause to recover the residue. In such case, if the sum paid into court is equal to what was due at that time, the verdict is to-be for the defendant; but if the sum paid is short of that amount, the payment is to be allowed as a credit, and a verdict found for the balance only. (Comyn v. Allen, Cas. Temp. Hardw. 260; Meager v. Smith, 4 Barn. & Adolph. 673; Cox v. Parry, 1 T. R. 464; Tidd’s Pr. 624, 627, Am. ed. of 1840; Grah. Pr. 537, 540, 2d ed.; Bank of Columbia v. Southerland, 3 Cowen, 336; Hallet v. East India Co. 3 Burr. 1120.) Such I understand to have been the settled practice of the king’s bench tintil new rules on the subject were adopted a few years since; although it was formerly otherwise in the court of common pleas. In the latter, when the cause proceeded to trial after money had been paid into court, the original practice was for the jury to find their verdict without regard to the payment. But about the year 1765 the common pleas abandoned this course, and adopted the practice of the king’s bench. (3 Burr. 1772, 3.)
The former practice of the English courts may have been well enough there, and worked'no injustice to either party; and it might be proper here, if dur law as to costs was the same as that of England.' The sum brought into court belongs to the plaintiff in any event; and, in England, if he recovers any thing beyond that sum, he is entitled to costs. But it is otherwise in this court, and in the courts of common pleas of the *32 several counties. The plaintiff’s right to costs in these courts often depends upon the amount of the recovery, and that right ought not to be impaired or affected by a payment into court, unless the amount thus paid is equal to the whole sum due at the time. A creditor, having a debt of two hundred dollars due to him, brings an action in this court for its recovery, and the defendant, alleging that the debt is but one hundred and sixty dollar's, brings that sum into court, under the common rule in such cases: If the plaintiff accepts the sum thus paid, and abandons his cause on payment of costs, his claim for the balance is gone, for he takes the sum brought into court in satisfaction of his demand. But if, instead of abandoning his cause, he proceeds to trial in order to recover the remaining forty dollars, the English practice would require the jury to find a verdict for that sum only, and our law would award costs to the defendant. This is palpably unjust, and should not be allowed, if we can avoid it, as I think we may. The rule permitting parties to pay money into court is comparatively of modern origin, having been introduced in the reign of Charles 2. (Tidd’s Pr. 619.) It grew up as mere matter of practice, and was changed and modified from time to time so as to promote the convenience of the courts and suitors, and the ends of justice. We have seen that the English court of common pleas, without. hesitation, -abandoned the practice which had prevailed, and adopted that of the king’s bench. And this court, I apprehend, has equal power to adopt and follow any practice which may be necessary to guard against injustice on the one hand; while it gives all that can honestly be asked on the other.
It seems to me that where the sum paid into court is equal to-what was due at the time, it is entirely safe and proper to follow the former English practice, by allowing the jury to find a verdict in favor of the defendant. But where'the sum thus paid is less than was then due, the jury should be instructed to disregard it, and find a verdict for the whole of the plaintiff’s demand. This will do justice to both parties. If the defendant shows that he paid into court the full amount due from him, he makes out a complete defence. If, however, he has paid only a part, *33 his liability for costs remains the same as if he had paid nothing ; and this should be so. But his payment is still available to him as a credit upon the judgment, for it will be endorsed on the execution, and the balance only collected.
In the present case, the amount paid into court, was less than the.sum found due, and the jury were properly instructed to •disregard it in making up their verdict.
Judgment affirmed.